CHARLES E. DUSTIN CO. v. ST. PETERSBURG INV. CO.

(Circuit Court, E. D. Pennsylvania. December 31, 1903.)

No. 10.

1. SALES—INHERENT DEFECTS IN MACHINERY PURCHASED—INJURY TO OTHER MACHINERY—SET-OFF.

Where a boiler, which was part of machinery purchased, burst by reason of inherent defects, of which the plaintiffs, the vendors, should have known, in an action for the price the defendants are entitled to set off whatever they have expended to put the boiler in repair, as well as the damage done to other machinery, including the cost of restoring such machinery and the loss incurred by the stoppage of the works while put out of operation.

2. SAME—FAILURE TO DELIVER ON TIME.

The plaintiffs, having been notified of the necessity for a prompt delivery and of the loss which delay would entail, were answerable for that which was occasioned to the defendants by the failure to deliver on time, and by the incomplete and defective condition in which the machinery arrived.

3. SAME—DAMAGES—PROFITS—VALUE OF USE OF PLANT TO BE EQUIPPED.

The damages for the failure to deliver on time machinery designed for an electric railway and light plant is not to be measured by the uncertain profits which might have been made therefrom meanwhile, but by the value of the use of the plant for the period lost.

4. SAME.

Where a buyer of machinery was entitled to set off, against the price, loss of the value of the use of the plant during a delay in delivery, such loss included items for loss of time and services of defendants' manager, for extra labor made necessary by reason of the delay, and for loss of orders for the installation of electric lights resulting from such delay, and hence such items could not be made the subject of separate claims.

5. SAME—ALLEGATION—INDEFINITENESS.

In an action for the price of machinery, including a boiler, which, when delivered, was so defective that it burst, an allegation of set-off claiming $271.25 for extra fuel to make the boiler which the buyer then had generate sufficient steam to run their works was too indefinite for allowance.

At Law. Rule for judgment for want of a sufficient affidavit of defense.

J. B. Colahan, 3d, for plaintiff.
Owen J. Roberts, for defendant.

ARCHBALD, District Judge.* The contract price for the machinery and appliances which the plaintiffs were to furnish for the electric railway and light plant of the defendants at St. Petersburg, Fla., was $5,040 all told, on which $2,400 has been paid, leaving a balance due of $2,640, for which suit is brought. To this the defendants claim to offset the expenses incurred in an effort to remedy defects found in the machinery and the damages resulting to them from the delay in delivering it, as well as the time lost in putting it in shape, amounting altogether to $2,749.46. This is made up of numerous items, to some of which the plaintiffs except, and move for judgment,

¶ 3. See Sales, vol. 43, Cent. Dig. § 1198.
* By special assignment.

availing themselves of the privilege given by the Pennsylvania act of July 15, 1897 (P. L. 276).

The first exception is as to the damages done to defendants' engine by reason of the bursting of the boiler furnished by the plaintiffs, and the loss of time while the engine was being repaired. If, through inherent defects, of which the plaintiffs should have known or against which they warranted, the boiler was not only imperfect, but actually dangerous, there is no reason why the plaintiffs should not answer, not only for whatever was expended to try and put it in repair, but also for the injury done to other machinery when it gave way. The damage would be what it cost to restore the engine, which is fixed at $250, and the loss incurred by stoppage of work while it was out of operation, said to be $50. How the latter is made up is not indicated, and it may be objectionable on that ground; but other than this the item is proper, and whatever is lacking in it may be supplied.

The next exception is to an item of $400, loss of profits on account of the delay in receiving the machinery. As said with regard to the last item, whether this is well stated or not, the defendants would seem to be entitled to damages, if any were experienced, on this score in some form. According to the plaintiffs' written offer of August 4, 1902, the delivery was to be immediate, and according to the affidavit of defense they were notified of the necessity for prompt shipment on account of the requirement that the trolley road, to save defendants' city franchise, must be in operation by November 1st, and of the loss in this and other respects which delay would entail. Notwithstanding this, and contrary to express directions, the machinery was sent by water, and not by rail, and when it did arrive it was in such an incomplete and defective condition that, as charged, the road was not able to be run until the latter part of March. For the loss of the four or five months thus brought about the defendants are entitled to the ensuing damages. These are not to be measured, however, by the uncertain profits which they might have made, but by the loss of the value of the use of the plant for the period mentioned. Rogers v. Bemus, 69 Pa. 432; Dixon-Woods Company v. Phillips Glass Company, 169 Pa. 167, 32 Atl. 432. A restatement of them on this basis may be necessary, but the plaintiffs cannot object to the general underlying principle of the claim. The asserted offset, in other words, is good in substance, and opportunity therefore will be given to recast it.

But the objection to the item of $432.27 for loss of the time and services of defendants' manager is well taken. This is necessarily involved in the establishment of the loss of the value of the use of the plant for the time it was idle, and cannot be made the subject of a separate claim. As to this the exception is sustained. So, also, must it be as to the item of $350 "for extra labor made necessary by failure of the plaintiffs to perform their contract." This is altogether too generally and indefinitely charged, and, as the defendants have already taken credit for specific items of labor in remedying defects, it is difficult to see to just what it is intended to apply, unless, like the services of the general manager, with which it is immediately associated in

the affidavit, it is something in connection with the stoppage of the plant, to be covered, as pointed out above, in the general estimate of that loss. The exception to this also is sustained. The same is to be said of the item of $600 for loss of orders for the installation of electric lights. If there was anything of this kind with which the plaintiff was chargeable, no claim can be made for it directly, but only as part of the general damages resulting from the delay, to be estimated with the rest in the value of the use of the plant, of which the defendants were deprived.

The defendants further claim $271.25 for extra fuel to make the boiler, which they had, generate enough steam to run the works. This is very indefinitely stated, and is objectionable for that reason, if no other. When it occurred does not appear, and it is therefore somewhat difficult to judge of it. But I suspect that it falls in the same category as the other items just considered, and so is not entitled to be made an independent subject of claim.

It is therefore ordered that the defendants, within 10 days, file a supplemental affidavit to meet the objections pointed out in this opinion, or otherwise judgment.